# BIRCHETT *v.* SEALE.

EVIDENCE; SEALED INSTRUMENTS; LACHES; FRAUDULENT ASSIGNMENTS.

1. To authorize a court of equity to vacate an instrument under seal, the proof should be both clear and convincing.

2. Equity will apply the rule of laches, and deny relief where it appears that one has been negligent in applying for that relief, and important witness or witnesses to the transaction have died during the period of delay.

3. A decree was *affirmed* which vacated as fraudulent an assignment procured by the deceased wife of an intestate from the father and sole next of kin of the intestate, where it appeared that the estate consisted of personal property of the value of about $12,400; that shortly after the death of the intestate, the widow went to the home of the intestate's father in Mississippi, and told him that she was entitled to the whole estate; that she had no property, and would be left without a dollar unless he executed the instrument; that her husband had a policy of insurance; that when his debts were paid there would be little left, and asked him to execute the assignment to save her the cost of administration; and that the father was seventy-four

years of age, and had no knowledge of the condition of his son's affairs, and believed the statements of his daughter-in-law.

No. 2228. Submitted February 13, 1911. Decided March 6, 1911.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, vacating as fraudulent the assignment of an interest in a decedent's estate.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. W. E. Ambrose* and *Mr. John Ridout* for the appellant.

*Mr. J. J. Darlington* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This action was brought in the supreme court of the District of Columbia to vacate an assignment of an interest in an estate. It appears that Jesse N. Seale died in this city November 11, 1907, intestate, leaving surviving him his widow, Sophia Seale, and his next of kin, his father, the appellee, Jerry Seale, plaintiff below. The estate consisted of personal property aggregating about $12,400. Shortly after the death of Jesse N. Seale, his window went to plaintiff's home in the State of Mississippi, and there procured from him the assignment in question, by which he assigned to her all of his interest in the estate of his deceased son.

This assignment is assailed on the ground that it was procured by misrepresentation and fraud on the part of the widow. The evidence shows that upon her arrival at the home of her father-in-law, in Mississippi, she represented to him that, under the laws of the District of Columbia, he was entitled to receive all of the personal estate left by her husband; that she had no property of her own; that she would be compelled to support herself, stating that she had already applied for employ-

ment in the city of Washington, and that she would be left without a dollar, unless plaintiff executed this assignment. She represented that her husband had a policy of life insurance, upon which he had borrowed a large amount of money; that when his debts were paid, there would be little left; that he had been extravagant and had spent a great deal of money, and that if plaintiff would sign the agreement, it would save her the costs and expenses of administration upon her husband's estate.

Plaintiff was seventy-four years old, and in feeble health. Being, as he alleges in his bill, greatly grieved over the death of his son; having no knowledge, either of the condition of his son's affairs, or of the laws of the District of Columbia, and believing the statements of his daughter-in-law, he executed the assignment.

The assignment is dated December 31, 1907. On the 8th day of January, 1908, Sophia Seale made affidavit to a petition filed in the probate court of this District, asking for letters of administration, in which she stated that her husband's estate amounted to more than $12,000. On March 10, 1908, Sophia Seale died, and the appellant, defendant below, Mary E. Birchett, was appointed administratrix of her estate, and also administratrix de bonis non of the estate of Jesse N. Seale. It is unnecessary to further review the evidence, since it is, in our opinion, amply sufficient to support the finding of the court below.

In sustaining this decree we are not unmindful of the general rule that proof should be both clear and convincing to authorize a court to vacate an instrument of this character, executed under seal. Neither have we overlooked the contention made by counsel for appellant, that a court sitting in equity will apply the rule of laches and deny relief where it appears that one has been negligent in applying for that relief, and an important witness or witnesses to the transaction have died during the period of delay. But we think there is not in this case sufficient to justify the application of this rule. The evidence

is amply sufficient to sustain the finding of the court below on the question of misrepresentation and fraud.

The decree of the court below is affirmed, with costs, and it is so ordered.                                              *Affirmed.*